**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-14371-CIV-MARTINEZ**

ADEYINKA CHEESE,

Petitioner,

v.

WARDEN OF MARTIN COUNTY JAIL, *et al.*,

Defendants.
_________________________________/

# ORDER

**THIS CAUSE** is before the Court on Petitioner, Adeyinka Cheese's Petition for Writ of Habeas Corpus filed on September 22, 2026 ("Petition"), [ECF No. 1]). In accordance with 28 U.S.C. § 2243, the Court issued an Order directing Respondents to show cause why the Petition should not be granted. (*See* Sept. 23, 2026 Order [ECF No. 4]). Respondents filed their Response on September 28, 2026 ("Response"), [ECF No. 10], and Petitioner replied on September 30, 2026 ("Reply"), [ECF No. 11]. The Court has considered the briefing, the relevant law, and is otherwise fully advised. For the reasons set forth herein, the Petition is **GRANTED in part**.

## I. BACKGROUND

Petitioner Adeyinka Cheese, a native of Nigeria, entered the United States on July 10, 1997, as a B2 visitor for pleasure. (*See* Resp. 2; *see also* [ECF No. 10-1]). On July 13, 2005, Petitioner was arrested by the Federal Bureau of Investigation for fraud and subsequently convicted and sentenced to six months' imprisonment. (*See id.*) On March 10, 2006, Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE"), where United States Citizenship and Immigration Services ("USCIS") issued and served Petitioner with a Notice to Appear ("NTA").

(*See id.*) The NTA charged Petitioner as removable from the United States pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA") or 8 U.S.C. § 1227(a)(2)(A)(iii). (*See id.*) On April 12, 2006, Petitioner was released on an Order of Supervision ("OSUP"). (*See id.*)

On February 2, 2009, an Immigration Judge ordered Petitioner removed from the United States to Nigeria. (*See id.*) Petitioner appealed the Immigration Judge's decision, and on June 18, 2010, the Board of Immigration Appeals ("BIA") remanded the case to the Immigration Judge for further consideration. (*See id.*) On October 24, 2012, an Immigration Judge ordered Petitioner removed from the United States to Nigeria but granted her Withholding of Removal pursuant to section 241(b)(3) of the INA or 8 U.S.C. § 1231(b)(3). (*See* Oct. 24, 2012 Immigration Judge Order [ECF No. 10-3] 1). Petitioner waived appeal and her order of removal became final. (*See id.*)

On September 16, 2026, ICE encountered Petitioner and took her into custody. (*See* Resp. 2; *see also* [ECF No. 10-1] 3; Warrant for Arrest of Alien [ECF No. 10-6]). The same day, Petitioner was nominated for third country removal to Sierre Leone. (*See* Resp. 2; *see also* Declaration of Deportation Officer Claudio Araujo [ECF No. 10-7] ¶ 15). On September 18, 2026, Petitioner's OSUP was revoked, and she was informed that she would be removed to Sierra Leone and would be guaranteed an informal interview. (*See* Resp. 2; *see also* Notice of Revocation of Release [ECF No. 10-5] 2). On September 26, 2026, Petitioner was transferred to the Richwood Correctional Center, where she is currently in custody pending removal from the United States. (*See* Resp. 2; *see also* Detention History [ECF No. 10-4]).

Petitioner seeks her immediate release from ICE custody because, she argues, her re-detention violated regulatory and due process requirements and is unlawful under a binding class

action, *D.V.D. v. Department of Homeland Security*, No. 26-1212 (1st Cir. Sept. 18, 2026). (*See* Pet. 6). Respondents assert that Petitioner's claim is premature under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), ICE lawfully detained Petitioner, and ICE's revocation of release comports with its regulations and due process. (*See* Resp. 3).

## II. LEGAL STANDARD

District courts are authorized to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). "Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). "The typical remedy for such detention is, of course, release." *Id.* (citation omitted). "Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law." *Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) (citing *Nelson v. Campbell*, 541 U.S. 637, 644 (2004); other citations omitted). Further, the Fifth Amendment's Due Process Clause forbids the Government to "depriv[e]" any "person . . . of . . . liberty . . . without due process of law." "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690.

## III. DISCUSSION

Petitioner seeks a writ of habeas corpus for her immediate release from custody, and Respondents oppose. Petitioner argues her Fifth Amendment right to due process was violated when her OSUP was revoked and she was re-detained. (Pet. 6). Petitioner states that she "has not been provided with a valid revocation of her order of supervision, stating with specificity the reasons for being taken into custody." (*Id.*) Nor has Petitioner "been provided a meaningful opportunity to contest the grounds of revocation through presentation of evidence." (*Id.*) Petitioner

further argues that she has not violated her OSUP, nor has the government provided evidence of Sierra Leone's willingness to accept her if she is removed there. (Reply 2). Respondents aver that Petitioner's OSUP was revoked under 8 C.F.R. § 241.4(l) because "it is appropriate to enforce a removal order entered against you as ICE has the ability and means to effectuate your removal[,]" (*see* Notice of Revocation of Release [ECF No. 10-5] 1), and Petitioner was provided notice and an informal interview, as required. (Resp. 7-8).

An OSUP can be revoked for several reasons, including for violating the conditions of release, *see* 8 C.F.R. § 241.4(l)(1), or "in the exercise of discretion" under certain circumstances, *id.* § 241.4(l)(2). Under section 241.4(l)(2):

> Release may be revoked in the exercise of discretion when, in the opinion of the revoking official:
>
> (i) The purposes of release have been served;
>
> (ii) The alien violates any condition of release;
>
> (iii) It is appropriate to enforce a removal order or to commence removal proceedings against an alien; or
>
> (iv) The conduct of the alien, or any other circumstances, indicates that release would no longer be appropriate.

*Id.* § 241.4(l)(2)(i)–(iv).

When an OSUP is revoked under section 241.4(l)(1) for a violation of release conditions, the noncitizen "will be notified of the reasons for revocation" and "will be afforded an initial informal interview promptly after his or her return to [ ] custody[.]" *Id.* (alterations added). In contrast, section 241.4(l)(2) does not contain an analogous notice or interview requirement. *See id.* § 241.4(l)(2). Nevertheless, courts have routinely construed the procedural protections set forth in section 241.4(l)(1) to apply to OSUP revocations under section 241.4(l)(2). *See, e.g., Grigorian v. Bondi*, No. 25-cv-22914, 2025 WL 2604573, at *6 (S.D. Fla. Sep. 9, 2025) (collecting cases);

*Huete-Alvarez v. Bondi*, No. 26-cv-20991, 2026 WL 530196, at *4 (S.D. Fla. Feb. 26, 2026). The Court finds the reasoning of these decisions persuasive and likewise concludes that revocation of an OSUP under section 241.4(l)(2) requires notice and an informal interview.

Further, Section 241.4(l)(3), titled "[t]iming of review when release is revoked[,]" "appears to apply to all aliens whose OSUP is revoked regardless of the reason for revocation[.]" *Maryanovsky v. Ripa*, No. 25-cv-1599, 2026 WL 496778, at *4 (M.D. Fla. Feb. 23, 2026) (alterations added). That section "implies that the informal interview provided for in paragraph (l)(1) of this section applies to all those detained on revocation of an OSUP regardless of whether or not release is revoked for a violation." *Grigorian*, 2025 WL 2604573, at *7 (alteration adopted; citation and quotation marks omitted).

Section 241.4(l)(2) therefore does not dispense with the requirement that the Government provide notice and an informal interview. Respondents argue that they provided Petitioner with notice and an informal interview in connection with the revocation of her OSUP. (*See* Resp. 8; *see also* Notice of Revocation of Release [ECF No. 10-5] 2). According to Petitioner, she was advised that she "*will* be given an informal interview at which you *will* be given an opportunity to respond to the reasons for this revocation . . . . [y]ou may submit any evidence or information you wish to be reviewed in support of your release." (Reply 1-2 (citing Notice of Revocation of Release [ECF No. 10-5])) (emphasis added). As Petitioner points out, this notice "points to a future event; it is not a record of an informal interview having taken place." (*Id.*) Respondents do not provide any evidence that an informal interview ever took place. (*See generally* Resp.; *see also* Declaration of Deportation Officer Claudio Araujo [ECF No. 10-7]).

By detaining Petitioner and revoking her OSUP under section 241.4(l)(2) without affording her the procedural protections of an informal interview, Respondents "fail[ed] to comply with

[their] own regulations or comport with traditional notions of due process." *Grigorian*, 2025 WL 2604573, at *9. Consistent with this conclusion, numerous courts have concluded that the Government's failure to provide notice or an informal interview prior to revoking an alien's OSUP under section 241.4(l)(2) violates a petitioner's due process rights under the Fifth Amendment. *See, e.g., Funes v. Francis*, 810 F. Supp. 3d 472, 499–500 (S.D.N.Y. 2025); *Samhan v. Noem*, No. 25-cv-25618, 2026 WL 911290, at *6 (S.D. Fla. Apr. 2, 2026); *Maryanovsky*, 2026 WL 496778, at *4; *Martinez v. Jamison*, No. 26-cv-00718, 2026 WL 700335, at *3–8 (E.D. Pa. Mar. 12, 2026); *Izquierdo Navarro v. Bondi*, No. 25-cv-04210, 2026 WL 468582, at *2–3 (D. Colo. Feb. 18, 2026); *Guerra v. Bondi*, No. Civ-25-1240, 2026 WL 114258, at *7 (W.D. Okla. Jan. 15, 2026); *K.E.O. v. Woosley*, No. 25-cv-74, 2025 WL 2553394, at *5–6 (W.D. Ky. Sep. 4, 2025).

The Court finds that by arresting and detaining Petitioner without following the requirements of 8 C.F.R. § 241.4, Respondents violated her due process rights. *See Bonitto*, 547 F. Supp. 2d at 757 (explaining that 8 C.F.R. §§ 241.13 and 241.4 "were amended to comply with the Constitutional concerns illuminated in *Zadvydas*" and thus "provide necessary procedural safeguards to ensure the detention of an alien beyond the removal period comports with due process requirements"). "The proper remedy for such a violation is release."[1] *Rubanov v. Trump*, No. 25-cv-23034, Order Granting Writ of Habeas Corpus [ECF No. 12], filed July 30, 2025 (S.D. Fla. 2025) (granting writ of habeas corpus and ordering release after ICE arrested and detained the petitioner without following the requirements of 8 C.F.R. §§ 241.13 and 241.4) (citing *Munaf*, 553 U.S. at 693).[2]

---

[1] Because the Court finds that Petitioner must be released, it need not consider Petitioner's additional argument or request for injunctive relief. *See Grigorian*, 2025 WL 2604573, at *10 n.7.

[2] To be clear, Petitioner may still be detained and removed after her release, and her reinstated OSUP may be revoked. However, any detention, removal, or OSUP revocation must comport with the Due Process Clause and ICE's regulations.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1], is **GRANTED in part**.

2. Respondents shall release Petitioner from custody **IMMEDIATELY**, under the terms of Petitioner's prior Order of Supervision.

3. Respondents shall file a notice with the Court within 48 hours confirming Petitioner's release in compliance with this Order.

4. The Clerk is directed to **CLOSE** this case and **DENY as moot** all pending motions.

5. The Court retains jurisdiction to enforce this Order

**DONE AND ORDERED** in Miami, Florida, this 1 day of October 2026.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

cc: all counsel of record